15-1131
Lin v. Lynch

BIA
A089 253 715

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of July, two thousand sixteen.

PRESENT:
        JOSÉ A. CABRANES,
        BARRINGTON D. PARKER,
        DEBRA ANN LIVINGSTON,
                *Circuit Judges.*
_____

LI HUA LIN,
        *Petitioner,*

        v.                                          15-1131
                                                    NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:        John Chang, New York, N.Y.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy
                       Assistant Attorney General; Greg D.
                       Mack, Senior Litigation Counsel;
                       Corey L. Farrell, Trial Attorney,
                       Office of Immigration Litigation,
                       United States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Li Hua Lin, a native and citizen of the People's Republic of China, seeks review of a March 20, 2015, decision of the BIA denying her motion to reopen. *In re Li Hua Lin,* No. A089 253 715 (B.I.A. Mar. 20, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen "for abuse of discretion." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008). Though Lin's motion to reopen was timely filed, "her ability to secure reopening depends on a demonstration of prima facie eligibility for asylum." *Id.* at 168.

The BIA did not abuse its discretion in denying Lin's motion for failure to demonstrate her prima facie eligibility for relief. Lin asserts that she provided sufficient evidence to demonstrate that her religious activity would be discovered by

2

authorities in China; regardless, the country conditions evidence does not mention any incidents of persecution against Christian practitioners in her home province of Fujian. *See Jian Hui Shao*, 546 F.3d at 143, 149 (finding no error in the agency's requirement that an applicant demonstrate a well-founded fear of persecution specific to her local area where persecutory acts vary according to locality); *Jian Xing Huang v. INS*, 421 F.3d 125, 128-29 (2d Cir. 2005) (holding that absent solid support in the record for the petitioner's assertion that he would be persecuted, his fear was "speculative at best"). Accordingly, the BIA correctly concluded that Lin did not satisfy her burden of demonstrating "a realistic chance" that she would be granted asylum. *See Jian Hui Shao*, 546 F.3d at 168.

Lin's assertion that the BIA ignored evidence is misplaced. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006). Lin does not identify any record evidence relating to the treatment of underground Christians in her home Province of Fujian that she contends the BIA overlooked. She instead relies on reports of mistreatment of underground Christians in other localities in China. The BIA did not err, however, by concluding that the country conditions evidence showed wide local variations in the treatment of unregistered

3

religious groups, thereby requiring Lin to proffer evidence specific to her home Province, Fujian. *See Xiao Ji Chen*, 471 F.3d at 342. The BIA took administrative notice of the State Department's 2013 International Religious Freedom Report, which states that the Chinese government permits family and friends to meet in private for worship "without registering with the government." That report, as well as the 2007 State Department report included in the record, indicates that the treatment of religious groups may vary depending on the locality. Lin has therefore failed to demonstrate any error in the BIA's consideration of the country conditions evidence.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4